Opinion issued February 20, 2003












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00328-CV




SHANNON TAYLOR AND WILLIAM H. TAYLOR, JR., Appellants

V.

GORDON E. DAVENPORT, JR., CHARLES M. JORDAN, AND
I. NELSON HEGGEN, Appellees




On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2000-27212




MEMORANDUM OPINION

           Appellants, Shannon Taylor and William H. Taylor, Jr., sued appellees, Gordon E.
Davenport, Jr., Charles M. Jordan, and I. Nelson Heggen, for legal malpractice after the
Fourteenth Court of Appeals affirmed the summary judgment granted in favor of the
defendants in the Taylors’ underlying medical malpractice lawsuit. The trial court granted
appellees’ motions for summary judgment. We affirm.
BACKGROUND
           In December 1994, Davenport, on behalf of the Taylors, sued Shannon Taylor’s
dentist and the manufacturer of dental implants for injuries allegedly resulting from an
implant to treat Shannon Taylor for temporomandibular joint disorder. The record reflects
that, on September 16, 1996, Davenport timely filed a designation of two expert witnesses. 
In January 1997, the dentist filed a motion for summary judgment, and Davenport filed a
response. On February 27, 1997, the trial court granted Davenport’s motion to withdraw as
counsel for Taylor. The motion to withdraw, which was served on the Taylors, stated that
the hearing on the motion for summary judgment would be on May 16, 1997. 
           In March 1997, the manufacturer filed a motion for summary judgment, and the
Taylors filed a pro se response on May 8, 1997. The Taylors retained Jordan and Heggen to
represent them in the case, and Jordan and Heggen appeared at the May 16 hearing on the
motions for summary judgment. The trial court granted the Taylors 30 days in which to
designate an expert and respond to the motions. No expert was designated within that time
period, and, at a hearing on July 15, 1997, the trial court granted both defendants’ motions
for summary judgment. Jordan and Heggen notified the Taylors of the court’s ruling and
filed a motion to withdraw, which was granted by the trial court without objection by the
Taylors. The Taylors filed a pro se motion for new trial, which was overruled by the trial
court. On appeal, the Fourteenth Court of Appeals affirmed the judgment. The Taylors then
filed this lawsuit. 
           Appellees each filed a motion for summary judgment that included, as a ground for
summary judgment, the assertion that there was no evidence to support the element of
causation in the Taylors’ cause of action. The Taylors’ response stated, “The affidavits
attached to this Response raise material fact issues upon the elements of Plaintiffs’ causes
of action, specifically breach of fiduciary duties, proximate cause and damages.” The
affidavits of Shannon Taylor and William Ryan, the Taylors’ appellate attorney in the
underlying case, were attached as exhibits to the response. The trial court denied the motions
for summary judgment. 
           Almost a year later, Davenport filed a second motion for summary judgment. Jordan
and Heggen filed motions adopting this second motion. The Taylors’ response again asserted
that the attached affidavits of Shannon Taylor and Ryan and the attached deposition
testimony of Shannon Taylor raised material fact issues on causation. The trial court denied
this second motion for summary judgment. Appellees then took Ryan’s sworn statement in
which he recanted his affidavit. 
           Appellees filed a joint motion to reconsider their first no-evidence motions for
summary judgment. The record does not contain a response to this motion by the Taylors. 
The trial court granted the no-evidence motions, and the Taylors bring this appeal. 
 

DISCUSSION
           On appeal, the Taylors contend that (1) the affidavits of Shannon Taylor and Ryan
were evidence that an act, omission, and breach of fiduciary duty was a proximate cause of
damages and (2) subsequent sworn statements of the Taylors’ designated experts were
insufficient to defeat appellants’ evidence establishing an issue of material fact. We follow
the usual standard of review for a no-evidence summary judgment. Flameout Design &
Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.—Houston [1st
Dist.] 1999, no pet.). 
           In a professional malpractice case, both the breach of the standard of care and
proximate cause must be proven by expert testimony. Onwuteaka v. Gill, 908 S.W.2d 276,
281 (Tex. App.—Houston [1st Dist.] 1995, no writ). In the present case, the no-evidence
challenge was to proximate cause. Neither Shannon Taylor nor Ryan was qualified as an
expert. Therefore, their affidavits were not competent summary judgment evidence on the
issue of causation. Accordingly, we overrule the Taylors’ first issue and need not reach their
second issue. 
           We affirm the judgment. 
 

                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.